**FILED**
**Jun 27, 2019**
**03:22 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT CHATTANOOGA

| | | |
|---|---|---|
| **William Lowder,** | ) | **Docket No.: 2019-01-0122** |
| **Employee,** | ) | |
| **v.** | ) | |
| **XPO Logistics Freight, Inc.,** | ) | **State File No.: 11383-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| **Indemnity Ins. Co. of N.A.,** | ) | **Judge Audrey Headrick** |
| **Carrier.** | ) | |

---

## ORDER ASSESSING PENALTY

---

This came before the Court on its June 12, 2019, written request for XPO Logistics to provide documentation as to why a civil penalty should not be assessed for its alleged late payment of past temporary disability benefits to Mr. Lowder.[1] XPO Logistics filed its response on May 23 and a supplemental response on June 20. For the reasons below, the Court assesses a penalty against XPO Logistics under Tennessee Code Annotated section 50-6-205(b)(3)(A) (2018).

### History of Claim

Mr. Lowder, a driver for XPO Logistics, developed hernias on January 2, 2019, when he delivered a shipment of solar panels to a customer. He received authorized treatment and work restrictions. On February 13, Dr. Darren Hunt saw Mr. Lowder and noted complaints of groin pain on both sides, a palpable hernia on the left, tenderness on the right, and CT results revealing a left inguinal hernia and umbilical hernia. Dr. Hunt

---

[1] Mr. Lowder filed a May 14 Request for Expedited Hearing on the record. The Court issued a docketing notice allowing the parties until June 21 to file objections or submit position statements. It also contained a written request for XPO Logistics to provide documentation as to why a civil penalty should not be assessed for its alleged late payment of temporary disability benefits to Mr. Lowder. *See* T.C.A. § 50-6-205 (3) (B). XPO Logistics did not request an evidentiary hearing, and the Court determined it needed no additional evidence to decide the issues. Since a Request for Expedited Hearing applies to requests for medical and/or temporary disability benefits, the Court will treat the Request as a motion for penalties.

recommended surgery to repair the left-sided hernias and to explore the right-side given Mr. Lowder's complaints of pain. XPO Logistics denied the claim on February 19 asserting the hernia did not appear "immediately" following the January 2 accident as required by the hernia statute. *See* Tenn. Code Ann. § 50-6-212.

As part of an ongoing mediation process, XPO Logistics accepted Mr. Lowder's claim. XPO Logistics did not accommodate Mr. Lowder's restrictions on January 24 and January 25 but did accommodate them from January 26 through April 26 at less than his average weekly wage. On or about April 24, XPO Logistics issued a $4,394.82 temporary partial disability benefits check to Mr. Lowder for benefits that accrued from January 24 through April 26.

## Law and Analysis

### *Non-Payment or Late Payment of Temporary Disability Benefits*

Mr. Lowder requested that the Court assess a twenty-five percent penalty for the late payment of temporary disability benefits. The type of disability benefit paid to Mr. Lowder was temporary *partial* disability benefits because he earned less than his average weekly wage due to work restrictions. *See* Tenn. Code Ann. § 50-6-207(2)(A). Tennessee Code Annotated section 50-6-205(b)(3) authorizes a workers' compensation judge to assess a twenty-five-percent penalty when "an employer, trust or pool or an employer's insurer fails to pay, or untimely pays, *temporary disability benefits* within twenty (20) days after the employer *has knowledge of any disability that would qualify for benefits* under this chapter." (Emphasis added.)

Here, XPO Logistics disputes that the twenty-five percent penalty applies to temporary partial disability benefits. It relies on an unreported opinion of the Special Workers' Compensation Appeals Panel, which states that the statute "imposes a penalty of 25 percent on unpaid *temporary total benefits only.*" *Building Materials Corp., et al. v. Coleman*, No. M2004-01829-WC-R3-CV, 2005 WL 3147658 (Tenn. Special Workers' Comp. App. Panel Nov. 28, 2005). Respectfully, this Court disagrees with the Panel because the clear statutory language reflects that it applies to "temporary disability benefits" and does not limit that applicability to temporary total disability benefits only.

Likewise, the Court disagrees with XPO Logistics's assertion that the language in Tennessee Code Annotated section 50-6-118(a)(13) controls. Tennessee Code Annotated section 50-6-118(a)(13) is a separate statute that authorizes the Bureau of Workers' Compensation to issue penalties for an employer's "[w]rongful failure" to pay temporary total disability benefits. However, that statute does not trump the authority the Legislature provided in 50-6-205(b)(3) for the Court to assess a penalty "as to *all temporary disability benefits* that are determined not to be paid in compliance with this subsection (b)." (Emphasis added.)

In 2004, Tennessee Code Annotated section 50-6-205(b)(3) changed significantly. Before 2004, Tennessee Code Annotated section 50-6-205 stated: "[a]ny employer or his insurance carrier who fails to pay compensation as herein provided *shall suffer a penalty* of six percent (6%) on any unpaid installments." (Emphasis added.) The Tennessee Supreme Court interpreted "shall suffer a penalty" to mean that "the failure to pay must be in bad faith on the part of the defendant." *Mayes v. Genesco, Inc.*, 510 S.W.2d 882, 885 (Tenn. 1974). However, in 2004, the Reform changed the statute to its current language granting authority to assess a 25% penalty to "workers' compensation specialists" now "workers' compensation judges." Importantly, the 2004 Reform deleted the "shall suffer a penalty" language relied upon by the Tennessee Supreme Court in 1974.

After the 2004 Reform, the Special Workers' Compensation Appeals Panel continued to use the Supreme Court's prior reasoning regarding "bad faith" in its analysis of the twenty-five percent penalty. *See, Kyle v. State Farm Fire & Cas. Co.*, No. W2013-01505-WC-R3-WC, 2014 Tenn. LEXIS 702, at \*22-23 (Tenn. Special Workers' Comp. Panel Oct. 2, 2014); *Overton v. Regis Corp.*, No. M2007-00069-WC-R3-WC, 2008 Tenn. LEXIS 799, at \*17-18 (Tenn. Special Workers' Comp. Panel Nov. 4, 2008). Respectfully, this Court disagrees with the Panel's continued reliance upon the Supreme Court's 1974 "bad faith" analysis. The 1974 statutory language that prompted the Tennessee Supreme Court's imposition of a bad faith requirement no longer exists.[2] Therefore, the Court holds that the "bad faith" analysis is no longer required in determining whether to assess a twenty-five percent penalty.

After carefully considering the entire record, including XPO Logistics's response, the Court determines that XPO Logistics was not in compliance with Section 50-6-205(b)(3)(A). As previously noted, the Court is not swayed by XPO Logistics's assertion that the twenty-five percent penalty does not apply to temporary partial disability benefits.

Likewise, even if "bad faith" remains the standard, the Court notes that XPO Logistics denied Mr. Lowder's claim in February based on the "immediacy" element of the hernia statute. Tenn. Code Ann. § 50-6-212. XPO Logistics offered no factual evidence, medical or otherwise, to this Court that substantiated the denial on this ground. And the record does not reflect that any new information developed between February

---

[2] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at \*13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

and April that would eliminate its defense of the immediacy requirement when XPO Logistics decided to accept the claim and paid $4,394.82 in past temporary partial disability benefits. Specifically, the Court finds that XPO failed to pay temporary disability benefits within twenty days after having knowledge of Mr. Lowder's disability.

Therefore, the Court assesses a $1,098.71 penalty against XPO Logistics.

**IT IS, THEREFORE, ORDERED** as follows:

1. XPO Logistics shall pay Mr. Lowder a twenty-five percent penalty in the amount of **$1,098.71** for the period of January 24, 2019, through April 26, 2019.

2. **This case is set for a Status Hearing on Thursday, August 29, 2019, at 1:30 p.m. Eastern Time**. The parties must call (423) 634-0164 or toll-free at (855) 383-0001 to participate. Failure to call may result in a determination of the issues without your participation.

3. Absent an appeal within seven business days of issuance, this order shall become final. XPO Logistics must comply within fifteen calendar days of the order becoming final or be subject to penalties set forth in Tennessee Code Annotated section 50-6-238(d). The Insurer or Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the fifteenth business day after this Order becomes final. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED June 27, 2019.**

_____
**AUDREY A. HEADRICK**
**Workers' Compensation Judge**

## APPENDIX

Exhibits:
1. Panel
2. February 19, 2019 letter from Sedgwick
3. Paystubs (December 18, 2018, to April 27, 2019)
4. Medical records of Physicians Care (For Identification Only)[3]
5. Medical records of CHI Memorial (For Identification Only)
6. Medical records of Dr. Darren Hunt
7. Affidavit of William Kyle Lowder
8. Affidavit of Christopher Mabe

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Response in Opposition to Employee's Request for Expedited Hearing
5. Docketing Notice
6. Employer's Supplemental Response in Opposition to Employee's Request for Expedited Hearing
7. Notice of Filing

---

[3] The Court did not admit into evidence medical records from Physicians Care or CHI Memorial based on XPO Logistics's objection, since there was neither a medical certification nor a physician's signature.

## CERTIFICATE OF SERVICE

I certify that a copy of this Order Assessing Penalty was sent to these recipients as indicated below on June 27, 2019.

| Name | Certified Mail | Via Email | Service sent to: |
|---|---|---|---|
| William Lowder, Employee | X | X | klowder676@gmail.com<br>611 Mountain Wood Drive<br>Hixson, TN 37343 |
| Frederick W. Hodge, Employer's Attorney | | X | fhodge@howell-fisher.com |
| Compliance Program | | X | WCCompliance.program@tn.gov |

_Penny Shrum_ w/permission

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov